# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-0168V
Filed: October 21, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MAMOTABO MATSHELA, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Edward M. Kraus*, Law Offices, Chicago-Kent College of Law, Chicago, IL, for petitioner.
*Julia W. McInerny*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 23, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she sustained a vaccine-related injury to her left arm described as inflammatory brachial plexopathy, weakness, pain, numbness, and adhesive capsulitis, caused-in-fact by her receipt of the tetanus-diphtheria-acellular pertussis ("Tdap"), hepatitis A ("Hep A"), inactivated polio ("IPV"), and meningococcal conjugate vaccines on May 14, 2013. On October 4, 2016, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 37).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 20, 2016, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 41).[3] Petitioner requests attorneys' fees in the amount of $28,050.65 and attorneys' costs in the amount of $1,095.41 for a total amount of $29,146.06. *Id.* at 1-2.  In accordance with General Order #9, petitioner's counsel states that petitioner incurred no fees or costs related to the litigation of this case. *Id.* at 2.  Further, petitioner's counsel will indemnify petitioner for any additional litigation costs paid to him by petitioner from the award of attorneys' fees and costs in this case. *Id.*

Petitioner states in her motion that respondent does not object to the overall amount sought; however the "lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." (ECF No. 41).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $29,146.06** [4] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Edward M. Kraus.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey  
Nora Beth Dorsey  
Chief Special Master

---

[3] As subsequently noted, petitioner states in her motion that respondent has no objection to her request.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.